Joseph M. Pleasant, Esq. (SBN: 179571)         (SPACE BELOW FOR FILING STAMP ONLY)
**BENSON LEGAL, APC**
8550 Balboa Boulevard, Suite 290
Northridge, California 91325
Tel: (818) 708-1250
Fax: (818) 708-1444
File No. N25016
**SERVICE EMAIL**: E-Service@Bensonlegal.net
Attorney for: NATIONWIDE AGRIBUSINESS INSURANCE COMPANY AND CHRIS DICHARRY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| NATIONWIDE AGRIBUSINESS INSURANCE COMPANY AND CHRIS DICHARRY,<br><br>             Plaintiff,<br><br>      v.<br><br>UNITED STATES OF AMERICA and DOES 1 to 10, inclusive,<br><br>             Defendants. | Case No:<br><br>**COMPLAINT FOR PROPERTY DAMAGES**<br><br>UNLIMITED CIVIL CASE<br><br>Amount of Demand: $40,024.12 |

Plaintiff NATIONWIDE AGRIBUSINESS INSURANCE COMPANY and CHRIS DICHARRY allege against defendant UNITED STATES OF AMERICA as follows:

//

//

1

COMPLAINT

## PRELIMINARY ALLEGATIONS

1. At all times mentioned herein and material hereto, plaintiff was and is a lawfully organized corporation and an insurance company doing business in the State of California.

## JURISDICTION

2. At all relevant times, UNITED STATES OF AMERICA ("U.S.") was and is a government entity. Tort claims against the U.S. are governed by the federal tort claims act (28 USC § 1346(b)). Such actions must be brought in federal courts. (*United States v. Park Place Assocs., Ltd*. (9th Cir. 2009) 563 Fed.3d 907, 924).

## DOE DEFENDANTS

3. The true names and capacities of Defendants DOES 1 to 10, inclusive, are unknown at this time. Plaintiff therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to show their names and capacities when the same have been ascertained.

## VENUE

4. This is the proper court pursuant to 28 U.S.C. § 1402(b) as any civil action on a tort claim against the United States under section 1346(b) of this title may be prosecuted only in the judicial district where a plaintiff resides or wherein the act or omission complained of occurred. At least one plaintiff resides in this judicial district.

//

## THE INSURANCE POLICY

5. At all relevant times including May 6, 2024, there was a policy of insurance in effect issued by plaintiff covering Chris Dicharry ("the insured") and her 2020 Ford F350 with California License Plate MYBLDR with a trailer ("the insured vehicle" or "the insured property").

## THE INCIDENT AND DEFENDANT'S NEGLIGENCE

6. On information and belief, on May 6, 2024, the U.S. was employing Jackson Andrew Cuyno, or another person, ("Army driver") who, on that day, was driving a motor vehicle ("Army vehicle") within the course and scope of his or her employment with defendant, the U.S.

7. On that day, at the intersection of Newville Roade and Irwin Road in Tehama County, Sarah Marie Dicharry ("Ms. Dicharry") was driving the insured vehicle eastbound on Newville road directly behind the Army driver driving the Army vehicle. The Army vehicle, being driven within the course and scope of employment with defendant, started slowing in preparation for an upcoming right turn.

8. As the Army vehicle entered the intersection, it moved to the left, into the oncoming traffic lane, in violation of California Vehicle Code section 21752(d), and in violation of the driver's duty to drive with reasonable care. As the Army vehicle moved into the westbound lane of traffic, the insured continued eastbound. Then, the Army vehicle suddenly made a right turn and collided into the insured vehicle.

9. The police report placed the Army driver at fault for violating California Vehicle Code section 21752(d).

10. As a foreseeable result of DRIVER'S negligence, the insured incurred property damages of $40,024.12.

## THE INSURANCE CLAIM

11. Thereafter, the insured made a claim with plaintiff for the damages caused by and associated with incident. The claim was covered and plaintiff paid it to the extent it was required to pay it under the terms of the insurance policy. Plaintiff now has standing to bring this action as the subrogee and/or assignee of the insured's claim. Moreover, justice requires that the loss be shifted from plaintiff to defendants as plaintiff is in a superior equitable position to that of the defendants.

## THE PRE-LITIGATION CLAIM PRESENTATION

12. Each plaintiff has complied with the provisions of 28 U.S.C. 2675 of the Federal Tort Claims Act in that a claim was presented to the appropriate federal agency.

## FIRST CAUSE OF ACTION

## NEGLIGENCE

## AGAINST ALL DEFENDANTS

13. Plaintiff incorporates the preceding paragraphs into this cause of action.

14. This action is brought pursuant to 28 U.S.C. §§ 1346(b), 2401(b), 2671, 2675(a) et seq., which permits lawsuits arising from the negligence of an employee of the federal government while acting within the scope of his or her employment.

15. On information and belief, acts and conditions that caused the damages alleged herein were in some way due to negligence on the part of said defendant's employee, who was employed by the U.S. and driving in the course and scope of that employment, caused the accident which is the subject of this action. As such, the negligence of that employee as outlined above imposes vicarious liability upon the U.S.

16. As a foreseeable result, such negligence proximately caused harm to the insured's property interests.

17. Plaintiff, as a subrogee who paid the insured's claim, is now entitled to a money judgment against defendants to the extent of its payments plus the amount of any claims assigned to it by its insured.

## PRAYER

1. WHEREFORE, Plaintiffs pray for judgment against the Defendant and each of them, on all causes of action, as follows:

2. NATIONWIDE AGRIBUSINESS INSURANCE COMPANY requests damages of $31,244.60;

3. CHRIS DICHARRY requests damages of $8,779.52;

4. Interest on the damages from May 6, 2024;

5. For costs of suit incurred;

6. For such other and further relief that the court considers proper.

Date: June 5, 2025

_____
Joseph M. Pleasant, Esq.
BENSON LEGAL, APC
Attorney for Plaintiff

COMPLAINT